IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NA-QUAN LEWIS, | : Civil No. 3:24-CV-2216 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| JOHN ARCE, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

The background of this order is as follows:

The *pro se* plaintiff, Na-Quan Lewis, filed this civil rights action on December 23, 2024. (Doc. 1). After Lewis paid the filing fee, he was issued a summons for service. (Doc. 5). Lewis served the summons and complaint, and counsel for two of the three defendants have entered an appearance and filed motions to dismiss Lewis' complaint. (Docs. 10, 13). In response to these motions, Lewis moved to amend his complaint. (Doc. 18). Lewis has also filed a motion for default judgment, arguing that Defendant Sklerosky, at that time, did not respond to his complaint. (Doc. 11). Additionally, we note that while it appears Defendant Arce

was served with the summons and complaint in this matter, he has not entered an appearance or otherwise responded to the complaint.

Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of course, if amended within a particular timeframe, and with either consent of the opposing party or leave of court in all other cases. Fed. R. Civ. P. 15(a). Leave to amend should be freely given "when justice so requires." *Id.* However, the decision to grant a party's request to amend a pleading lies within the discretion of the court. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a party's request to amend if amendment would result in undue delay, is motivated by bad faith, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile if the complaint, as amended, fails to state a claim upon which relief can be granted. *In re Burlington Coat Factory Sec. Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Here, Lewis has moved to amend his complaint within the timeframe to amend as a matter of course under Rule 15. *See* Fed. R. Civ. P. 15(a)(1)(B). Accordingly, because Lewis is proceeding *pro se*, and

leave to amend should be granted when "when justice so requires," we will GRANT Lewis' motion to amend his complaint and direct that the plaintiff be issued a summons to serve the amended complaint on the defendants. (Doc. 18). As such, the defendants' motions to dismiss the initial complaint (Docs. 10, 13) will be DENIED AS MOOT given the filing of the plaintiff's amended complaint.

Finally, Lewis moved for a default judgment against Defendant Sklerosky. (Doc. 11). However, because Defendant Sklerosky has entered an appearance and filed a motion to dismiss, thereby responding to the plaintiff's complaint, default judgment is not warranted. Accordingly, Lewis' motion will be DENIED.

As such, in accordance with the foregoing, IT IS HEREBY ORDERED THAT:

1. The plaintiff's motion to amend (Doc. 18) is GRANTED. The plaintiff's filings at Docs. 18 and 19 shall be lodged on the docket as his amended complaint. The Clerk of Court shall issue a summons for service of the amended complaint on the defendants.

2. The defendants' motions to dismiss the original complaint (Docs. 10, 13) are DENIED AS MOOT in light of the plaintiff's amended complaint.

3. The plaintiff's motion for default judgment (Doc. 11) is DENIED.

So ordered this 23rd day of April 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge