# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NA-QUAN LEWIS, | : | |
| Plaintiff, | : | No.: 3:24-cv-02216 |
| v. | : | |
| CHRIS PRESCOTT, et al., | : | |
| Defendants. | : | |

## DEFENDANT CHRIS PRESCOTT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

Defendant Chris Prescott ("Prescott"), by and through his undersigned counsel, Siana Law, LLP, files this Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.Pro. 12(b)(6) and in support thereof, avers as follows:

1. *Pro se* Plaintiff Na-Quan Lewis ("Lewis" or "Plaintiff") initiated this action on December 23, 2024. *See* ECF # 1.

2. Defendant Prescott filed a Motion to Dismiss Plaintiff's Complaint and supporting brief where Chief Prescott argues that Plaintiff failed to state a legally plausible complaint against Chief Prescott. (ECF # 10 & 17).

3. On April 17, 2025, Plaintiff filed a Motion to Amend his Complaint, which included a proposed Amended Complaint. (ECF # 18).

4. On April 23, 2025, the Court granted the Plaintiff's Motion to Amend the Complaint since it was filed within the time to amend as a matter of course under Rule 15. Additionally, Chief Prescott's Motion to Dismiss was deemed moot given the filing of the Plaintiff's Amended Complaint. (ECF #22).

5. The Plaintiff properly served Chief Prescott with the Amended Complaint on April 28, 2025. (ECF 26).

6. In his Amended Complaint, Lewis asserts violations pursuant to 42 U.S.C. §1983 against several Defendants, including Chief Prescott, of the following: Malicious Prosecution in violation of the Fourth Amendment; violation of Fifth Amendment Due Process; violation of Sixth Amendment right to a fair trial; violation of Fourteenth Amendment Equal Protection and Due Process; violation of the Eighth Amendment's prohibitions on excessive bail, fines, and fees and cruel and unusual punishment; and Thirteenth Amendment abolition of slavery.

7. In summary, Lewis' claims arise from a dispute that occurred on August 21, 2022, between his landlord and relative, John Arce, at Arce's home in Luzerne Borough. Mr. Arce's wife contacted the Pennsylvania State Police who responded to a domestic incident at Mr. Arce's home  The next day, Mr. Arce responded to the Luzerne Borough Police Department and made a complaint regarding terroristic threats and related offenses based upon text messages received from Lewis.

8. Mr. Lewis was subsequently charged with criminal offenses and after a preliminary hearing where several charges were dismissed, others where charges were moved to the Luzerne County Court of Common Pleas for further disposition. After multiple court proceedings at the Court of Common Pleas, the charges were dismissed.

9. For the reasons set forth more fully in the supporting Memorandum of Law; to be filed in accordance with Local Rule 7.5 and incorporated by reference herein, Defendant Chris Prescott asserts that all claims against him should be dismissed with prejudice.

10. As it relates to Defendant Prescott, Lewis alleges that the initiation of criminal proceedings was a malicious prosecution. However, Lewis' claim fails as he does not allege sufficient facts to support each element of a malicious prosecution claim.

11. Lewis' Amended Complaint fails to cure the defects of his Fourth Amendment Malicious Prosecution claim, as he fails to allege facts supporting a deprivation of liberty consistent with the concept of a seizure. *Johnson v. Knorr*, 477 F.3d 75,82 (3d Cir. 2007); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) (attendance at one's own trial is not a Fourth Amendment seizure). Additionally, Lewis fails to allege facts that would reasonably support that probable cause did not exist for the criminal charges.

12. The asserted Fifth Amendment claim also fails, as the Fifth Amendment Due Process clause is inapplicable to state government authorities. *Ngyuen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983); *Bergdoll v. City of York*, 515 Fed. App'x 165, 170 (3d Cir. 2013) (rejecting Section 1983 Fifth Amendment due process claim against state official because "the Due Process Clause of the Fifth Amendment only applies to federal officials").

13. The Eighth Amendment claim fails as Lewis pleads no facts supporting excessive bail, fines, or fees; and the cruel and unusual punishment clause only applies post-conviction. *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (quoting *Graham v. O'Connor*, 490 U.S. 386, 392 n. 6 (1989)).

14. The remaining allegations of Lewis' claims (under the Sixth, Thirteenth, and Fourteenth Amendments) are entirely conclusory, being unsupported by any factual averments. *Bell Atlantic Corp. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, it is unclear how these claims relate to Chief Prescott, or his actions involved in this matter.

15. For the reasons stated above and set forth more fully in the supporting Memorandum of Law to be filed in accordance with Local Rule 7.5 and to be incorporated by reference herein, Defendant Chris Prescott asserts that all claims against him should be dismissed with prejudice.

WHEREFORE, Defendant Chris Prescott respectfully requests that this Court grant his Motion, issuing an Order dismissing all claims against Defendant Prescott, with prejudice.

Respectfully submitted:

**SIANA LAW**

Date: <u>May 12, 2025</u>　　　By: _____
Andrew M. Rongaus, Esquire
Attorney for Defendant, Chris Prescott
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500
(F): 610.321.0505
amrongaus@sianalaw.com