IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NA-QUAN LEWIS, | : Civ. No. 3:24-CV-2216 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| JOHN ARCE, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION

I. Statement of Facts and of the Case

This case comes before us for consideration of three motions to dismiss the plaintiff's amended complaint filed by the defendants—John Arce, Chris Prescott, and Judge Joseph Sklerosky. (Docs. 28, 30, 31). The *pro se* plaintiff, Na-Quan Lewis, filed this action against the defendants asserting violations of his constitutional rights under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. (Doc. 1). Lewis then requested leave to file an amended complaint, which is currently the operative pleading. (Doc. 18).

The amended complaint similarly asserts claims that the defendants violated Lewis' constitutional rights. (Doc. 18). Lewis' claims arise out of several incidents that appear to have taken place in the

summer of 2022 between Lewis and Arce, his former landlord. (*Id.*). Thus, Lewis alleges that he rented an apartment from Arce, who he claims refused to fix anything in the apartment. (Doc. 18 at 2-3). Lewis alleges that in July of 2022, a "fight broke out" and "Arce became angry and assaulted [Lewis]" after Arce refused to fix a broken ceiling fan in the apartment. (*Id.* at 3). The police were called, but the complaint does not allege that any charges were filed as a result. (*Id.*). In August, Lewis' apartment was broken into because other tenants of the building left the door open. (*Id.*). Lewis confronted Arce about the break in at his home in Luzerne, Pennsylvania, after which the Pennsylvania State Police were allegedly called but "nothing happened." (*Id.* at 4).

Lewis then alleges that Arce contacted the Old Forge Police Department to have Lewis arrested for the incident at Arce's house, and thereafter contacted a police department in Luzerne. (Doc. 18 at 4). Lewis claims that Chris Prescott, the chief of police in Luzerne, contacted him after opening an investigation into Arce's complaints. (*Id.*). Lewis allegedly informed Prescott of the other incidents between himself and Arce, including the break in and the ceiling fan incident, but Prescott ultimately issued a warrant for Lewis' arrest. (*Id.* at 4-5). Lewis claims

that this arrest led to his eviction from Arce's property. (*Id.*). He appears to assert that Arce intended to use the police to circumvent the eviction process.[1] (*Id.* at 4-5, 7).

Lewis had a preliminary hearing, after which he alleges he was "moved to the higher court" and Judge Sklerosky was assigned to his case. (Doc. 18 at 6). Lewis contends that Judge Sklerosky violated his right to counsel by not providing Lewis with a colloquy when Lewis opted to proceed *pro se*. (*Id.*). He further asserts that Judge Sklerosky "allowed the prosecution unlimited continuances[.]" (*Id.*). Lewis claims that his criminal proceedings went on for two years, after which all of the charges were dismissed.[2] (*Id.*). As to the named defendants, Lewis appears to assert that Arce gave the police false information in order to have Lewis criminally charged; that Prescott failed to conduct an adequate investigation into Arce's complaints, resulting in the criminal charges against him; and that Judge Sklerosky denied him his right to counsel

---

[1] It appears that Arce did initiate, and was successful in, state court eviction proceedings against Lewis. *See Arce v. Lewis*, MJ-45101-LT-0000123-2022.
[2] We note that our search of Pennsylvania's public court docket did not reveal any criminal cases in Luzerne County against Lewis.

and due process during the criminal proceedings. (*See generally* Doc. 18). The amended complaint does not request any relief.

As we have explained, the defendants have now moved to dismiss the amended complaint, arguing, *inter alia*, that Lewis' amended complaint fails to state a claim upon which relief can be granted. (Docs. 28, 30, 31). After consideration, the motions will be granted.

## II. Discussion

### A. Motion to Dismiss - Standard of Review

The defendants have filed motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from

them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

> As the Third Circuit Court of Appeals has aptly summarized:
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

### B. The Motions to Dismiss will be Granted.

The defendants have filed individual motions to dismiss the plaintiff's amended complaint. (Docs. 28, 30, 31). As we will discuss, we find that the amended complaint fails to state a claim upon which relief can be granted against the various defendants. Accordingly, the motions will be granted.

### 1. <u>Judge Sklerosky is Immune from Lewis' Claims.</u>

As to the claims against Judge Sklerosky, we find that these claims are barred by immunity. Lewis appears to assert his claims against Judge Sklerosky in his official capacity. The Eleventh Amendment provides sovereign immunity to states and state agencies that are sued by citizens in federal court. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). The Commonwealth's immunity exists as a matter of law unless that immunity is waived or abrogated by Congress. The Commonwealth has expressly invoked its Eleventh Amendment immunity under 42 Pa. Cons. Stat. § 8521(b). This immunity extends to "state agencies, such as the Pennsylvania Court System." *Stephens v. Kenney*, 802 F. App'x 715, 719 (3d Cir. 2020) (citing *Benn v. First Judicial Dist.*, 426 F.3d 233, 240-41 (3d Cir. 2005)). Further, it is well settled that an action against an individual in his or her official capacity is no different than an action brought against the agency itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, to the extent Lewis asserts claims against Judge Sklerosky in his official capacity, these claims are barred by the Eleventh Amendment.

Further, if Lewis intends to assert claims against Judge Sklerosky in his individual capacity, any such claims are similarly barred by the doctrine of judicial immunity. As the Third Circuit has explained, "[a] judicial officer in the performance of his or her duties has absolute immunity from suit." *Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). Here, Lewis' claims against Judge Sklerosky plainly arise out of the judge's role in presiding over his state criminal matter. Accordingly, Judge Sklerosky would be immune from these claims. Because Lewis' claims against the judge, whether brought in his official or individual capacity, are barred by immunity, Judge Sklerosky's motion to dismiss will be granted.

2. **The Amended Complaint Fails to State a Claim for Constitutional Violations against the Remaining Defendants.**

As to the claims against Defendant Arce, Lewis' amended complaint fails to allege facts from which we can conclude that Arce is a state actor for purposes of Section 1983. Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

8

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*See* 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *See Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *See id.* (citation omitted).

Accordingly, to state a claim under Section 1983, a plaintiff must plead two elements: (1) the conduct complained of was committed by a "person" acting under color of law; and (2) that conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) (citation omitted); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141–42 (3d Cir. 1990). The Third Circuit has set forth three broad tests to determine if a private entity or actors can be said to have acted under color of state law:

> (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)).

Here, Lewis claims that Arce gave false information to Prescott in order to have Lewis arrested and circumvent the eviction process. But merely "[p]roviding false information to the police—even deliberately—does not transform a private party into a state actor." *Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 420 (E.D. Pa. 2020). Nonetheless, allegations of a conspiracy to violate constitutional rights, coupled with false information provided to law enforcement, "can transform a private actor into a state actor." *Id.* (citations omitted). However, to allege a conspiracy, a plaintiff must establish "some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 (3d Cir. 2018) (citations and internal quotation marks omitted). "It is 'not enough that the end result of the parties' independent conduct caused plaintiff harm

10

or even that the alleged perpetrators of the harm acted in conscious parallelism.'" *Eichelman v. Lancaster County*, 510 F. Supp. 2d 377, 393 (E.D. Pa. 2007) (quoting *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997)).

Here, the amended complaint fails to allege any facts from which we can infer that Arce and Prescott came to an agreement to violate Lewis' constitutional rights. Rather, Lewis appears to assert that after Arce gave Prescott the alleged false information, Prescott "refused to verify any information[,]" failed to "conduct a thorough investigation[,]" ignored Lewis' version of events, and "did bad police work." (Doc. 18 at 5, 7). Lewis also vaguely alleges that the defendants "w[ere] vital in aiding Mr. Arce in his gross abuse of my civil rights." (*Id.* at 7). These allegations fall far short of what is needed to allege a claim for conspiracy. Accordingly, we cannot conclude that Lewis has pleaded facts from which we can infer that Arce is a state actor subject to liability under Section 1983.

More fundamentally, Lewis' amended complaint fails to state a constitutional claim against Defendants Arce and Prescott. Lewis asserts his claims under the Fourth, Fifth, Eighth, Thirteenth, and

Fourteenth Amendments, alleging that he was maliciously prosecuted, denied due process and equal protection, and subjected to excessive bail constituting cruel and unusual punishment. (Doc. 18 at 2).

At the outset, we note that several of these claims are mentioned but entirely undeveloped. For example, Lewis merely mentions the Thirteenth Amendment but provides no facts regarding how he believes the defendants violated his constitutional right under this provision. *See Benson v. Williams*, 2024 WL 3360663, at *5 (M.D. Pa. July 10, 2024) ("A claim under the Thirteenth Amendment must include allegations of forced labor.") (internal citation and quotation marks omitted)). Similarly, the amended complaint contains no factual allegations concerning Lewis' bail as required to state a claim under the Eighth Amendment. *See Swope v. City of Pittsburgh*, 90 F. Supp. 3d 400, 412 (W.D. Pa. 2015). Finally, because the plaintiff's allegations stem from state court criminal proceedings, his due process claims necessarily arise under the Fourteenth, rather than the Fifth Amendment. *See Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983) ("The limitations of the Fifth Amendment restrict only federal government action.").

Accordingly, Lewis' claims under the Fifth, Eighth, and Thirteenth Amendments will be dismissed.

As to his Fourth Amendment malicious prosecution claim, Lewis must establish:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Here, the first two elements appear to be met, in that Lewis alleges the defendants initiated criminal proceedings against him, and those proceedings ended in his favor. But Lewis has failed to alleged facts from which we can infer that he suffered a deprivation of liberty as a consequence of the proceedings. *Palma v. Atlantic County*, 53 F. Supp. 2d 743, 759 (D.N.J. 1999) (quoting *Gallo v. City of Phila.*, 161 F.3d 217, 222 (3d Cir. 1998)) (noting that a plaintiff must show "some deprivation of liberty consistent with the concept of 'seizure' [under the Fourth Amendment]."). While the amended complaint vaguely asserts that Lewis was subjected to excessive bail, the amended complaint does not allege any facts from which we can infer that Lewis was confined during the criminal

13

proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("[An] action for malicious prosecution . . ., unlike the related cause of action for false arrest or imprisonment, [ ] permits damages for confinement imposed pursuant to the legal process."). Accordingly, as currently pleaded, his claim for malicious prosecution fails.

Lewis also appears to assert claims under the Fourteenth Amendment, alleging violations of his due process and equal protection rights. The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law …" U.S. Const. amend XIV. Lewis' due process claim appears to stem from these defendants' actions in bringing the criminal prosecution against him. But it is well settled that "redress for alleged false arrest or malicious prosecution 'cannot be based on substantive due process considerations, but instead must be based on a provision of the Bill of Rights' such as the Fourth Amendment." *Wheeler v. Wheeler*, 639 F. App'x 147, 151 (3d Cir. 2016) (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000)). Accordingly, any such due process claim fails.

Similarly, the Fourteenth Amendment prohibits the state from "deny[ing] to any person within its jurisdiction the equal protection of the

14

laws." U.S. Const. amend XIV. To state a claim under the Equal Protection clause, a plaintiff must show that he was purposefully discriminated against by a state actor because of his membership in a protected class, such as race, gender, or religion. *Johnston v. Univ. of Pittsburgh of Com. System of Higher Education*, 97 F. Supp. 3d 657, 667 (W.D. Pa. 2015). Lewis' amended complaint contains no allegations that any of the defendants purposefully discriminated against him because of a protected class or characteristic. Accordingly, any Equal Protection claim fails.

Finally, we note for the plaintiff that his amended complaint fails to contain a request for relief. Federal Rule of Civil Procedure 8(a)(3) requires that a complaint contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Accordingly, the amended complaint, as currently pleaded, fails to satisfy the requirements of Rule 8.

While we have concluded that Lewis' complaint does not state a claim at this time, recognizing that Lewis is a *pro se* litigant and permitting amendment of his complaint would not be futile, we will permit him one final opportunity to amend his complaint to endeavor to

state a claim upon which relief may be granted. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

### III. Conclusion

For the foregoing reasons, the defendants' motions to dismiss (Docs. 28, 30, 31) will be GRANTED. The plaintiff's amended complaint (Doc. 18) will be DISMISSED WITHOUT PREJUDICE to allow the plaintiff one final opportunity to amend his complaint to remedy the deficiencies we have identified.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: July 11, 2025