IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NA-QUAN LEWIS,                          : Civ. No. 3:24-CV-2216
                                        :
    Plaintiff,                          :
                                        :
        v.                          : (Chief Magistrate Judge Bloom)
                                        :
JOHN ARCE, et al.,                      :
                                        :
    Defendants.                         :

## MEMORANDUM OPINION

### I.  Statement of Facts and of the Case

This case comes before us for consideration of three motions to dismiss the plaintiff's second amended complaint filed by the defendants—John Arce, Chris Prescott, and Judge Joseph Sklerosky.[1] The *pro se* plaintiff, Na-Quan Lewis, filed this action against the defendants asserting violations of his constitutional rights under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments.[2] Lewis filed an amended complaint, which the defendants moved to dismiss.[3] We granted the defendants' motions, finding that Lewis' amended

_____

[1] Docs. 46, 47, 49.
[2] Doc. 1.
[3] Docs. 28, 30, 31.

complaint failed to state constitutional claims against the defendants, and permitted him a final opportunity to amend his complaint.[4] Lewis filed his second amended complaint on July 28, 2025.[5]

The second amended complaint asserts virtually identical allegations against the defendants.[6] Lewis alleges that he and Arce, his former landlord, got into a dispute when Arce attempted to evict Lewis from his apartment.[7] Lewis claims that he was up to date on his rent, and that Arce filed false police reports to have Lewis arrested and circumvent a lawful eviction process.[8] Lewis avers that Defendant Prescott, the chief of police, failed to properly investigate Arce's false complaints which led to Lewis' arrest and prosecution.[9] He then asserts that Judge Sklerosky, who allegedly presided over Lewis' criminal

---

[4] Doc. 43.

[5] Doc. 45.

[6] *Id.* We are constrained to note that the second amended complaint actually appears to assert fewer, less specific allegations against these defendants than Lewis' prior amended complaint.

[7] Doc. 45 at 1.

[8] *Id.*

[9] *Id.* at 3.

proceedings, granted continuances without notice and failed to conduct an adequate colloquy when Lewis opted to proceed *pro se*.[10]

Based on these averments, Lewis brings claims pursuant to 42 U.S.C. § 1983, alleging that the defendants' actions violate his Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights.[11] We read Lewis' amended complaint as again asserting claims of malicious prosecution, due process violations, and cruel and unusual punishment.[12]  As relief, he seeks 3.5 million dollars in compensatory damages from each defendant.[13]

As we have explained, the defendants have now moved to dismiss the amended complaint, arguing, *inter alia*, that Lewis' second amended complaint fails to state a claim upon which relief can be granted.[14]  After consideration, we will grant the motions and dismiss Lewis' second amended complaint with prejudice.

---

[10] *Id.* at 2.  As we noted in our prior Memorandum Opinion, our search of the Pennsylvania public docket did not reveal any criminal cases against Lewis in the Luzerne County Court of Common Pleas at or around the time Lewis alleges these events took place.

[11] Doc. 45 at 3.

[12] *Id.*

[13] Doc. 45 at 4.

[14] Docs. 46, 47, 49.

## II. <u>Discussion</u>

### A. <u>Motion to Dismiss - Standard of Review</u>

The defendants have filed motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted.[15] Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[16]

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true,[17] and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[18] However, a court is not required to accept legal

---

[15] Fed. R. Civ. P. 12(b)(6).

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[18] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

conclusions or "a formulaic recitation of the elements of a cause of action."[19]

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[20]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[21]  A court can also consider "undisputedly authentic document[s]

---

[19] *Id.*; see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").
[20] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).
[21] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[22]  Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[23]  However, the court may not rely on any other part of the record when deciding a motion to dismiss.[24]

### B. The Motions to Dismiss will be Granted.

As we have noted, the defendants have filed individual motions to dismiss the plaintiff's second amended complaint.[25]  After consideration, we find that the second amended complaint fails to state a claim upon which relief can be granted against the various defendants.  Accordingly, we will grant the defendants' motions and dismiss Lewis' second amended complaint with prejudice.

---

[22] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[23] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[24] *Jordan*, 20 F.3d at 1261.

[25] Docs. 46, 47, 49.

### 1. Judge Sklerosky is Immune from Lewis' Claims.

As to the claims against Judge Sklerosky, we again find that these claims are barred by immunity. As to any claims asserted against Judge Sklerosky in his official capacity, these claims are barred by the Eleventh Amendment. The Eleventh Amendment provides sovereign immunity to states and state agencies that are sued by citizens in federal court.[26] The Commonwealth's immunity exists as a matter of law unless that immunity is waived or abrogated by Congress, and the Commonwealth has expressly invoked its Eleventh Amendment immunity.[27] This immunity extends to "state agencies, such as the Pennsylvania Court System."[28] Further, it is well settled that an action against an individual in his or her official capacity is no different than an action brought against the agency itself.[29] Accordingly, to the extent Lewis asserts claims against Judge Sklerosky in his official capacity, these claims are barred by the Eleventh Amendment.

---

[26] *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

[27] 42 Pa. Cons. Stat. § 8521(b).

[28] *Stephens v. Kenney*, 802 F. App'x 715, 719 (3d Cir. 2020) (citing *Benn v. First Judicial Dist.*, 426 F.3d 233, 240-41 (3d Cir. 2005)).

[29] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Further, any claims brought against Judge Sklerosky in his individual capacity are similarly barred by the doctrine of judicial immunity. As the Third Circuit has explained, "[a] judicial officer in the performance of his or her duties has absolute immunity from suit."[30] Here, while Lewis attempts to allege that Judge Sklerosky's actions were administrative rather than judicial, Lewis' allegations against Judge Sklerosky—granting continuances and failing to conduct a colloquy— plainly arise out of the judge's role in presiding over his state criminal matter. Thus, Judge Sklerosky is immune from these claims.

Accordingly, because Lewis' claims against this defendant are barred by immunity, we will grant Judge Sklerosky's motion to dismiss the claims against him.

2. <u>The Amended Complaint Fails to State a Claim for Constitutional Violations against the Remaining Defendants.</u>

As to the claims against Defendant Arce, Lewis' second amended complaint fails to allege facts from which we can conclude that Arce is a

---

[30] *Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).

state actor for purposes of Section 1983.  Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[31]

Therefore, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."[32]  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."[33]

Accordingly, to state a claim under Section 1983, a plaintiff must plead two elements: (1) the conduct complained of was committed by a "person" acting under color of law; and (2) that conduct deprived the

---

[31] *See* 42 U.S.C. § 1983.

[32] *See Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).

[33] *See id.* (citation omitted).

plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.[34]  The Third Circuit has set forth three broad tests to determine if a private entity or actors can be said to have acted under color of state law:

> (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."[35]

Here, Lewis again vaguely alleges that Arce "acted jointly" and conspired with the defendants to deprive him of his constitutional rights.[36]  But as we noted for Lewis when dismissing these claims in the past, merely "[p]roviding false information to the police—even deliberately—does not transform a private party into a state actor."[37]  Further, to allege a conspiracy, a plaintiff must establish "some factual

---

[34] *See Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) (citation omitted); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141–42 (3d Cir. 1990).

[35] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)).

[36] Doc. 45 at 4.

[37] *Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 420 (E.D. Pa. 2020).

basis to support the existence of the elements of a conspiracy: agreement and concerted action."[38]  "It is 'not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism.'"[39]

Here, like Lewis' prior amended complaint, the second amended complaint fails to allege any facts from which we can infer that Arce and Prescott came to an agreement to violate Lewis' constitutional rights. Rather, Lewis vaguely alleges that Arce "acted jointly with state officials" to deprive him of his rights.[40]  These conclusory allegations fall far short of what is needed to allege a claim for conspiracy.  Accordingly, we cannot conclude that Lewis has pleaded facts from which we can infer that Arce is a state actor subject to liability under Section 1983.

More fundamentally, Lewis' second amended complaint fails to state constitutional claims against Defendants Arce and Prescott.  Lewis asserts his claims under the Fourth, Fifth, Eighth, Thirteenth, and

---

[38] *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 (3d Cir. 2018) (citations and internal quotation marks omitted).
[39] *Eichelman v. Lancaster County*, 510 F. Supp. 2d 377, 393 (E.D. Pa. 2007) (quoting *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997)).
[40] Doc. 45 at 4.

Fourteenth Amendments, alleging that he was maliciously prosecuted, denied due process and equal protection, and subjected to cruel and unusual punishment.[41]

As with his prior amended complaint, Lewis merely mentions the Thirteenth Amendment and alleges that his malicious prosecution resulted in "constructive servitude" but provides no facts regarding how he believes the defendants violated his constitutional right under this provision.[42]    Similarly, while Lewis alleges cruel and unusual punishment in violation of the Eighth Amendment, his second amended complaint contains no factual allegations required to state a claim under the Eighth Amendment.   Finally, because the plaintiff's allegations stem from state court criminal proceedings, his due process claims necessarily arise under the Fourteenth, rather than the Fifth Amendment.[43]

---

[41] Doc. 45 at 3.

[42] *See Benson v. Williams*, 2024 WL 3360663, at *5 (M.D. Pa. July 10, 2024) ("A claim under the Thirteenth Amendment must include allegations of forced labor.") (internal citation and quotation marks omitted)).

[43] *See Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983) ("The limitations of the Fifth Amendment restrict only federal government action.").

Accordingly, Lewis' claims under the Fifth, Eighth, and Thirteenth Amendments fail as a matter of law and will be dismissed.

As to his Fourth Amendment malicious prosecution claim, Lewis must establish:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.[44]

Here, Lewis merely alleges that Arce filed a false report and that Prescott initiated criminal proceedings against him.[45] But the second amended complaint fails to allege any facts tending to show that Lewis suffered a deprivation of liberty as a consequence of the proceedings.[46] In fact, the second amended complaint fails to allege in any way that Lewis was

---

[44] *Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014).

[45] Doc. 45 at 1-3.

[46] *Palma v. Atlantic County*, 53 F. Supp. 2d 743, 759 (D.N.J. 1999) (quoting *Gallo v. City of Phila.*, 161 F.3d 217, 222 (3d Cir. 1998)) (noting that a plaintiff must show "some deprivation of liberty consistent with the concept of 'seizure' [under the Fourth Amendment].").

confined during the criminal proceedings.[47]  Accordingly, Lewis' claim for malicious prosecution fails.

Lewis also appears to assert claims under the Fourteenth Amendment, alleging violations of his due process and equal protection rights.  The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law ..."[48] Lewis' due process claim appears to stem from the defendants' actions in bringing the criminal prosecution against him.  But it is well settled that "redress for alleged false arrest or malicious prosecution 'cannot be based on substantive due process considerations, but instead must be based on a provision of the Bill of Rights' such as the Fourth Amendment."[49] Accordingly, any such due process claim fails.

Similarly, the Fourteenth Amendment prohibits the state from "deny[ing] to any person within its jurisdiction the equal protection of the

---

[47] *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("[An] action for malicious prosecution . . ., unlike the related cause of action for false arrest or imprisonment, [ ] permits damages for confinement imposed pursuant to the legal process.").

[48] U.S. Const. amend XIV.

[49] *Wheeler v. Wheeler*, 639 F. App'x 147, 151 (3d Cir. 2016) (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000)).

laws."[50]  To state a claim under the Equal Protection clause, a plaintiff must show that he was purposefully discriminated against by a state actor because of his membership in a protected class, such as race, gender, or religion.[51]  Lewis' second amended complaint contains no allegations that any of the defendants purposefully discriminated against him because of a protected class or characteristic.  Accordingly, any Equal Protection claim fails.

Thus, Lewis' second amended complaint fails to state constitutional claims against these defendants.  While we recognize that *pro se* plaintiffs should generally be permitted to amend their complaints,[52] Lewis' second amended complaint is materially flawed and thus, we believe any further leave to amend would be futile.  Accordingly, Lewis' second amended complaint will be dismissed with prejudice.

---

[50] U.S. Const. amend XIV.

[51] *Johnston v. Univ. of Pittsburgh of Com. System of Higher Education*, 97 F. Supp. 3d 657, 667 (W.D. Pa. 2015).

[52] *Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

III.    <u>Conclusion</u>

For the foregoing reasons, the defendants' motions to dismiss will be GRANTED, and the plaintiff's second amended complaint will be DISMISSED WITH PREJUDICE.

An appropriate order follows.

<u>*s/ Daryl F. Bloom*</u>
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: September 30, 2025

16