IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NA-QUAN LEWIS,                          : Civil No. 3:24-CV-2216
                                        :
    Plaintiff,                          :
                                        :
       v.                              :
                                        : (Chief Magistrate Judge Bloom)
JOHN ACRE, et al.,                      :
                                        :
    Defendants.                         :

## MEMORANDUM AND ORDER

## I. Introduction

This case comes before us on a motion for reconsideration by the plaintiff, Na-Quan Lewis.[1]  Lewis has moved under Federal Rules of Civil Procedure 59(e) and 60(b) to "correct clear legal error and prevent manifest injustice."[2]  He purports to have identified several errors entitling him to relief under these rules.[3]  For the following reasons, we will deny the motion.

---

[1] Doc. 57.

[2] *Id.*

[3] *Id.* at 2.

## II. Background

Lewis commenced the above-captioned action against the defendants asserting violations of his constitutional rights under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments.[4]  Lewis thereafter filed an amended complaint, which the defendants moved to dismiss.[5]  We granted the defendants' motions, finding that Lewis' amended complaint failed to state constitutional claims against the defendants, and permitted him a final opportunity to amend his complaint.[6]

Lewis filed a second amended complaint, which asserted virtually identical allegations against the defendants.[7]  The defendants again filed motions to dismiss.[8]  Having concluded that the second amended complaint again failed to state constitutional claims against the defendants and recognizing further amendment would be futile, we

---

[4] Doc. 1.

[5] Docs. 18, 28, 30-31.

[6] Doc. 43.

[7] Doc. 45,

[8] Docs. 46-47, 49.

granted the defendant's motions and dismissed the second amended complaint with prejudice.[9]

The plaintiff has now filed a motion to reconsider under Federal Rules of Civil Procedure 59(e) and 60(b).[10]    For the following reasons, we will deny the motion.

## III.    Discussion

### A.    Motion to Reconsider Under Rule 59(e) – Standard of Review

The plaintiff has moved for this court to reconsider our judgment pursuant to Federal Rule of Civil Procedure 59(e), which permits a court to "alter or amend a judgment [.]"[11]    A motion to alter or amend the judgment under Rule 59(e) is "a 'device to relitigate the original issue' decided by the district court, and used to allege legal error."[12]    Thus, the court may alter a judgment if the moving party shows at least one of three things: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court

---

[9] Doc. 55.

[10] Doc. 57.

[11] Fed. R. Civ. P. 59(e).

[12] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158–59 (3d Cir. 1988)).

3

granted the motion [ ]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[13]   While the Third Circuit Court of Appeals has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice'" in this context, it has "suggested that there is substantial, if not complete, overlap between these two concepts" and that to succeed on such a showing requires a movant to identify "a 'direct, obvious, [or] observable error' . . . of at least some importance to the larger proceedings."[14]

A 59(e) motion "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." [15]   Similarly, "reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."[16]

---

[13] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

[14] *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018) (citation modified).

[15] *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

[16] *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D.

## B. Motion to Reconsider Under Rule 60(b)(1) – Standard of Review

The plaintiff has also moved for reconsideration of the judgment against him pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.[17]   As the Supreme Court has explained, Rule "60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'"[18]   Those circumstances are described in Rule 60(b)'s enumerated sub parts, and "[u]nder Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'"[19]   Legal error by a judge qualifies as such a mistake.[20]

---

Pa. Mar. 3, 2006) (*citing McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

[17] Lewis does not identify which portion of Rule 60(b) he believes entitles him to relief.   We construe his motion as alleging "mistake," in that Lewis has moved to "correct legal error [.]"   Mistake can lead to relief from judgement under Rule 60(b)(1), and so we analyze the instant motion as if made under that subsection.

[18] *Kemp v. United States*, 596 U.S. 528, 533 (2022) (*quoting Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).

[19] *Id.*

[20] *Id.* at 535.

C. <u>The Motion to Reconsider Will Be Denied.</u>

Lewis raises 24 grounds for reconsideration.    We find that none of them demonstrate reconsideration under Rules 59(e) or 60(b)(1) is appropriate here, and so we will deny the motion.

We consider Rule 59(e) first.   As discussed above, there are three grounds for a motion under this rule.   Lewis has not alleged new law or that previously unavailable facts have emerged.   Rather, his arguments are based on "the need to correct a clear error of law or fact or to prevent manifest injustice."[21]   Below, we consider Lewis' arguments and find none identify clear error or manifest injustice.

Lewis first argues that this court's ruling constituted clear error because the second amended complaint met the federal pleading requirements pursuant to binding legal authority.[22]   Specifically, Lewis argues, *inter alia*, that the circumstantial timeline supports a claim of conspiracy; that the court misapplied the judicial immunity doctrine; that his arrest, court appearances, and charges constitute a seizure in support of a malicious prosecution claim; that he pled distinct procedural

---

[21] *Max's Seafood Café*, 176 F.3d at 677.

[22] Doc. 57 (Grounds 1, 3-9, 17, 19-21).

violations that should not be brought under the Fourth Amendment; that his Equal Protection claim survives as a "class of one" claim; and that his Eighth and Thirteenth Amendment claims were plausibly pled. However, each of these arguments were either already raised or could have been raised before the court on disposition of the motions to dismiss.[23]  As noted above, it is impermissible to use a motion for reconsideration to simply rehash arguments previously brought before the court and were rejected.[24]  Lewis does not identify a clear legal or factual error that we made in rejecting his arguments, and so these grounds for reconsideration are unavailing.

Lewis further argues that this court erred by dismissing his claims despite the defendants' own admission of events.[25]  This argument is novel to the motion to reconsider and could have been raised in response to the motions to dismiss.  Lewis failed to do so.  Thus, it is enough for us to say that "reconsideration motions may not be used to raise new

---

[23] *See* Docs. 51, 53-54.

[24] *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

[25] Doc. 57 (Grounds 13-14).

arguments or present evidence that could have been raised prior to the entry of judgment."[26]

Lewis also asserts clear error in that the court improperly conducted a docket search of Luzerne County records and improperly dismissed the second amended complaint with prejudice.[27]   Yet, the cases Lewis points to do not support his desired result.   For example, Lewis cites to *Sands v. McCormick*[28] for the proposition that conducting a docket search to reject claims constitutes forbidden "extra-record fact-finding."[29]   However, review of the case indicates the opposite.   In *Sands*, the Third Circuit Court of Appeals states, "in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record."[30]   It follows that "judicial proceedings constitute public records and that courts may take judicial notice of

---

[26] *Hill*, 2006 WL 529044, at *2 (citing *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

[27] Doc. 57 (Grounds 2, 10, 18).

[28] 502 F.3d 263 (3d Cir. 2007).

[29] Doc. 57 at 3.

[30] *Sands*, 502 F.3d at 268 (citing *Pension Benefit Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

another court's opinions."[31]    Likewise, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*[32] and *Alston v. Parker*[33] both recognize that *pro se* litigants should generally be permitted to amend their complaints "unless an amendment would be inequitable or futile."[34]    Lewis was provided ample opportunity to correct the defects previously cited and failed to do so.    Accordingly, we find no clear error was made.

Lewis generally points to various legal authority to which he contends the court improperly relied upon.[35]    Specifically, he argues that the court erred in relying upon irrelevant and non-binding authority in forming our analysis.    Lewis has not shown that our analysis was a "direct, certain, [or] obvious error" as is required for reconsideration.[36]    Indeed, it is not direct, certain, nor obvious error to apply logic from nonconflicting persuasive authority.

---

[31] *Id.* (citing *Southern Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)).

[32] 482 F.3d 247 (3d Cir. 2007).

[33] 363 F.3d 229 (3d Cir. 2004).

[34] *Id.* at 235.

[35] Doc. 57 (Grounds 16, 22).

[36] *In re Energy Future Holdings Corp.*, 904 F.3d at 312.

Moreover, Lewis asserts the court caused prejudice in failing to timely rule on his motion for default judgment, contradicted itself by its prior order granting his motion to amend, and failed to act impartially and provide a reasoned ruling.[37]    We conclude that none of these grounds entitle Lewis to reconsideration.    Lewis next claims reconsideration is required to prevent manifest injustice because the court's dismissal left him "homeless, without redress, and deprived of [his] rights."[38]    Lewis presents no law in support of this argument.

Finally, because Lewis also moved under Rule 60(b)(1) for relief from this judgment, we consider if there has been a showing of "mistake, inadvertence, surprise, or excusable neglect."[39]    As discussed, "mistake" includes a judge's error of law.[40]    This is a heavy burden to carry.[41]    We conclude the analysis above suffices to show no error of law was made here, and Lewis has not argued any of the other grounds under Rule 60(b)

---

[37] Doc. 57 (Grounds 11-12, 15, 23).

[38] Doc. 57 (Ground 24).

[39] Fed. R. Civ. P. Rule 60(b)(1).

[40] *Kemp,* 596 U.S. at 534.

[41] *Plisco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967).

10

apply, nor do we see any reason to believe such grounds exist.    For all these reasons, we will deny the motion for reconsideration.

## IV.    Conclusion

Having found that Lewis failed to identify grounds for reconsideration under either Rule 59(e) or 60(b), we will DENY the motion and decline to reopen the case.

So ordered this 12th day of January 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

11